IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ANGELO DELAROSA, )<br>)<br>Defendant. )<br>_____ ) | No. CR 11-00778-1 RS<br><br>[~~PROPOSED~~] STIPULATED ORDER REFERRING DEFENDANT FOR COMPETENCY EVALUATION<br><br>**Hearing Date:** Tuesday, September 11, 2012 at 2:30 p.m. |

The defendant Angelo Manuel Delarosa is now before the Court on charges of having violated his conditions of supervised release. Counsel for Mr. Delarosa on this matter is Assistant Federal Public Defender Steven Kalar. AFPD Kalar represented Mr. Delarosa on the original case that resulted in a term of supervised release. That original case, which was litigated before this Court, concluded roughly one month before the allegations of violations of supervised release.

At the initial appearance before this Court on the allegation of a violation of supervised release, defense counsel moved this Court to refer Mr. Delarosa to the Bureau of Prisons for a competency evaluation under 18 U.S.C. § 4241(b). The government did not object to this motion.

This Court is familiar with the facts leading to the conviction in the original case, has reviewed the presentence report in the original case, and has observed the courtroom demeanor of the defendant. It is undisputed that the defendant suffers from mental health

issues, and that he has been previously diagnosed and has received medication for mental health conditions.

In addition, on September 11, 2012, AFPD Kalar – defense counsel on the original case and on the supervised release violation – made representations on the record in support of the defense motion for a competency evaluation. Specifically, Mr. Kalar represented his belief that Mr. Delarosa is presently suffering from a mental disease or defect that impairs his ability to assist counsel in the defense of the supervised release allegations.

Based on the Court's familiarity with the case, the facts of the alleged supervised release violations, and in light of the motion of defense counsel who has had extended contact with Mr. Delarosa, the Court finds that there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. 18 U.S.C. § 4241(a).

The Court therefore grants the motion of defense counsel to determine the competency of the defendant. *Id.* To assist the Court in that determination, the Court orders that a psychiatric or psychological examination of Mr. Delarosa be conducted, and that a psychiatric or psychological report be filed with the court. 18 U.S.C. § 4241(b).

The Court commits Mr. Delarosa to the custody of the Attorney General for this psychiatric or psychological examination. 18 U.S.C. § 4247(b). Mr. Delarosa is currently in the custody of the United States Marshal in the Northern District of California. The defendant may be transferred to a suitable Bureau of Prisons facility for the purpose of this examination. *Id.*

The United States Marshal is asked to expedite the transfer of Mr. Delarosa to this Bureau of Prisons facility.

Mr. Delarosa shall be committed to the custody for the Attorney General for the purpose of this evaluation for no longer than thirty days after the date of his arrival at this facility. *Id.*

The Warden of this facility may apply for a reasonable extension in which to conduct the examination upon showing of good cause that the additional time is necessary to observe and evaluate Mr. Delarosa. *Id.* Any requested extension shall not exceed fifteen days, and must be supported by a specific explanation of the good cause that makes this extension necessary. *Id.*

To the extent permitted by duties of confidentiality and loyalty, defense counsel for Mr. Delarosa is directed to provide information and material to the examiner to assist in the preparation of the report. Government counsel is ordered to prepare a complete file, including full discovery and the presentence report from the original case, and to provide this to the facility designated before Mr. Delarosa's arrival. The government is authorized and directed to also produce to the Bureau of Prisons the Form 12 allegations of violations of supervised release, and the police report disclosed to counsel by Probation on September 11, 2012.

The mental health professional conducting the evaluation shall prepare a report in compliance with Section 4247(c) and (c)(4)(A) of Title 18. The Bureau of Prisons shall provide this report to the Court, to government counsel, and to defense counsel Steven Kalar no later than three weeks after the conclusion of the period of evaluation described above.

//
//
//
//
//
//
//
//
//
//

1     The matter shall be added to this Court's calendar on Tuesday, **December 18, 2012, at 2:30 p.m.** for status regarding competency and to set a date for a competency hearing, if necessary. The parties are directed to meet and confer, and to seek an earlier date for the status appearance if the competency evaluation is complete.

IT IS SO ORDERED.

9/12/12
DATED

RICHARD SEEBORG
United States District Court Judge

IT IS SO STIPULATED.

September 12, 2012
DATED

/s
MELINDA HAAG
United States Attorney
Northern District of California
PHILIP KEARNEY
Assistant United States Attorney

September 12, 2012
DATED

/s
GEOFFREY A. HANSEN
Federal Public Defender
Northern District of California
STEVEN G. KALAR
Assistant Federal Public Defender